UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT C. FOHRMEISTER,

    Plaintiff,

v.                                          CASE NO. 8:11-cv-1227-T-30MAP

JANE DOE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    The Plaintiff, appearing *pro se*, seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. 5). Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case must be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). Although the Court holds *pro se* pleadings to a less stringent standard and therefore will construe Plaintiff's complaint liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*), the complaint still must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and quotations omitted).

    Here, Plaintiff filed an amended pleading which lacks sufficient facts from which a cognizable action can be inferred. Although not entirely clear, it appears Plaintiff attempts to assert

a First Amendment free exercise of religion claim.[1]  To plead a valid free exercise of religion claim, Plaintiff "must allege that the government has impermissibly burdened one of his 'sincerely held religious beliefs.'"  *Watts v. Fla. Int'l University*, 495 F.3d 1289, 1294 (11th Cir. 2007).  By his amended pleading, Plaintiff provides a recitation of nearly identical allegations as previously set forth in his initial complaint but fails to allege sufficient factual matter explaining the "sincerely held religious beliefs" he believes the government impermissibly violated.  The only new allegations concern Plaintiff's belief that Defendant knowingly violated federal law by "threating Plaintiff with fines" (doc. 4).  Plaintiff simply alleges a Jane Doe Defendant "did knowingly violate Plaintiffs First Amendments rights of freedom of religion" (*id.*).  According to Plaintiff, this violation occurred in the offices of Animal Services of Clearwater, Florida when Defendant insisted "Plaintiff get shots for his pet, which hadn't been adopted yet, and Defendant refused to let the adoption proceed and refused to apologize to Plaintiff for violating his first amendments rights" (doc. 5).  Among other deficiencies, the amended complaint does not make clear whether Plaintiff's alleged religious beliefs forbid shots in general, shots given to pets, or some other conduct nor indicates what sincerely held religious belief Plaintiff bases his claim upon (doc. 4).  Instead, Plaintiff offers a blanket assertion that his First Amendment rights were violated.

Even if Plaintiff could identify a sincerely held religious belief, the question is whether the

---

[1] "The Religion Clauses of the First Amendment provide: 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.'  The first of the two Clauses, commonly called the Establishment Clause, commands a separation of church and state.  The second, the Free Exercise Clause, requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people."  *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005).  As incorporated through the Due Process Clause of the Fourteenth Amendment, the First Amendment applies to state and municipal governments, state-created entities, and state and municipal employees.  *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1268 (11th Cir. 2004).

alleged burden on Plaintiff's religious belief or practice is sufficient to state a free exercise violation. *See GeorgiaCarry.Org, Inc. v. Georgia*, 764 F. Supp. 2d 1306, 1310 (M.D. Ga. 2011). In this instance, the burden posed by the applicable law on any religious belief or practice appears tangential and attenuated at best. In Florida, the governing body of a county or municipality is authorized to enact ordinances relating to animal control and to establish similar or more stringent requirements than required by the Florida Statutes for the implementation and enforcement of rabies-control ordinances. Fla. Stat. §§ 828.27(2), 828.30(7). The ordinances must provide, among other things, that a violation of such an ordinance is a civil infraction and the maximum civil penalty under the ordinance. *Id.* at § 828.27(2)(a), (b).

In Pinellas County, Florida, the site of the alleged incident, the Board of County Commissioners has designated the Department of Animal Services as the agency tasked with implementing and administering the Animal Services provisions of its Code of Ordinances. Pinellas County, Florida, Code of Ordinances, Part II, Chapter 14, Article II, Division 2, § 14-46(a). As detailed more fully in its Code, any violations of the Animal Services provisions of the Pinellas County Code of Ordinances constitutes a civil infraction. Pinellas County, Florida, Code of Ordinances, Part II, Chapter 14, Article II, Division I, § 14-27(a). Pursuant to its Code of Ordinances, all dogs and cats placed for adoption in Pinellas County must be vaccinated, licensed, and sterilized before custody will be relinquished to the new owner. Pinellas County, Florida, Code of Ordinances, Part II, Chapter 14, Article II, Division 2, § 14-49(a)(3). Further, every person possessing, harboring, keeping or having control or custody of a dog over the age of four months in Pinellas County must have a current rabies vaccination for said dog. Pinellas County, Florida, Code of Ordinances, Part II, Chapter 14, Article II, Division 3, § 14-61(a). Failure to comply with these

Ordinances constitutes a civil infraction. These Ordinances applied to Plaintiff when he sought to adopt a dog in Pinellas County, and, in fact, apply across-the-board to anyone seeking to adopt an animal in Pinellas County. The Ordinances do not, however, target any specific group of individuals or specific religion or religious practice. More specifically, the Ordinances in no way infringe the right of anyone, including Plaintiff, to practice their chosen religion freely and openly. Furthermore, the Ordinances do not prohibit Plaintiff from owning a pet. Although Plaintiff may not be able to own the pet of his choice, he is still free to obtain a pet which does not require shots and, therefore, would not infringe his purported religious beliefs.

Even construing Plaintiff's complaint liberally, then, he has not set forth sufficient facts to state a claim to relief that is plausible on its face. *See Iqbal, supra.* Plaintiff's complaint therefore fails to state a claim on which relief may be granted and, accordingly, the complaint should be dismissed. 28 U.S.C. §1915(e)(2)(B)(ii); *see Thompson v. Adamson*, No. 07-11949, 2007 WL 2415185 at *1 (11th Cir. Aug. 27, 2007) (*citing Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989)) (noting federal courts have discretion to dismiss *pro se* complaints if they lack an arguable basis in fact or in law). Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's request to proceed *in forma pauperis* (doc. 5) be denied.

2. Plaintiff's amended complaint (doc. 4) be dismissed.

IT IS SO REPORTED in Tampa, Florida, on July 27, 2011.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:  The Honorable James S. Moody, Jr.
     Plaintiff, *pro se*